Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Tiffany G. Jensen, Esq. (SBN: 256842)
tiffany@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Plaintiff
Patricia Ruben



FILED

APR 2 3 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patricia Ruben <br><br> Plaintiff, <br><br> v. <br><br> LVNV Funding LLC and Mann Bracken LLC <br><br> Defendants. | Case Number: <br> **09 CV 0852 DMS JMA** <br><br> **Complaint For Damages** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

*ORIGINAL*



1    to insure that those debt collectors who refrain from using abusive debt
2    collection practices are not competitively disadvantaged, and to promote
3    consistent State action to protect consumers against debt collection abuses.

4  2.  The California legislature has determined that the banking and credit system
5      and grantors of credit to consumers are dependent upon the collection of just
6      and owing debts and that unfair or deceptive collection practices undermine
7      the public confidence that is essential to the continued functioning of the
8      banking and credit system and sound extensions of credit to consumers. The
9      Legislature has further determined that there is a need to ensure that debt
10     collectors exercise this responsibility with fairness, honesty and due regard
11     for the debtor's rights and that debt collectors must be prohibited from
12     engaging in unfair or deceptive acts or practices.

13  3.  Patricia Ruben, ("Plaintiff"), through Plaintiff's attorneys, brings this action to
14     challenge the actions of LVNV Funding LLC and Mann Bracken LLC,
15     ("Defendants"), with regard to attempts by Defendants to unlawfully and
16     abusively collect a debt allegedly owed by Plaintiff, and this conduct caused
17     Plaintiff damages.

18  4.  Plaintiff makes these allegations on information and belief, with the exception
19     of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
20     Plaintiff alleges on personal knowledge.

21  5.  Unless otherwise stated, Plaintiff alleges that any violations by Defendants
22     were knowing and intentional, and that Defendants did not maintain
23     procedures reasonably adapted to avoid any such violation.

24                          **JURISDICTION AND VENUE**

25  6.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
26     1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

27

28

HYDE & SWIGART
San Diego, California

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

8. Because Defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff is a natural person who resides in the City of Cabazon, County of Riverside, State of California.

11. Defendant Mann Bracken LLC is located in the City of Concord, the County of Contra Costa, and the State of California. Defendant LVNV Funding LLC is located in the City of Charleston, the County of Charleston, State of South Carolina.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

HYDE & SWIGART
San Diego, California

15. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

17. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

18. At all times relevant, Defendants conducted business within the State of California.

19. Sometime before December 6, 2007, Plaintiff is alleged to have incurred certain financial obligations.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22. Sometime thereafter, but before January 28, 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

23.   Subsequently, but before January 28, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant LVNV Funding LLC for collection.

24.   On or about January 28, 2008, Defendant Mann Bracken LLC, on behalf of Defendant LVNV Funding LLC, filed a lawsuit against Plaintiff in the Superior Court of California, County of Riverside, Banning Courthouse, Case No. BAC010307.

25.   This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26.   This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

27.   In filing the aforementioned Complaint, Defendant LVNV Funding attempted to collect a debt in which the applicable statute of limitations had expired, thereby constituting an unfair or unconscionable means to collect or attempt to collect a debt because Defendants was attempting to collect an amount when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  This action violated 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).  Because this action violated the language in 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1), it also violated Cal. Civ. Code 1788.17.

28.   During the pendency of the State Court action, Plaintiff's counsel failed to receive notice of the Case Management Hearing held on July 11, 2008, and Order To Show Cause Hearing on August 22, 2008, and therefore did not participate in the aforementioned hearings.

29.   At the August 22, 2008, Order To Show Cause Hearing, the Superior Court struck Plaintiff's Answer and Cross-Complaint, permitting Defendant LVNV Funding LLC to proceed with a default judgment against Plaintiff.

HYDE & SWIGART
San Diego, California

**HYDE & SWIGART**
San Diego, California

30. Defendants failed to notify Plaintiff of the action taken by the Superior Court at the Order To Show Cause Hearing on August 22, 2008, in an attempt to illegally collect the alleged debt by default judgment.

31. This action was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant Mann Bracken LLC violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

32. Defendants failure to inform Plaintiff's counsel of the action taken at the Order to Show Cause Hearing and proceed against Plaintiff with a default judgment further constituted an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f. Because this action violated the language in 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1), it also violated Cal. Civ. Code 1788.17.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

36.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.  The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

38.  As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from each and every defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

39.  An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

40.  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

41.  An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**HYDE & SWIGART**
San Diego, California

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

42.  An award of actual damages pursuant to California Civil Code § 1788.30(a);

43.  An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

44.  An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### TRIAL BY JURY

45.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: _____

**Hyde & Swigart**

By: _____
Joshua B. Swigart
Attorneys for the Plaintiff

HYDE & SWIGART
San Diego, California

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Patricia Ruben

## DEFENDANTS
LVNV Funding LLC and Mann Bracken LLC

**(b)** County of Residence of First Listed Plaintiff    Riverside
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Charleston
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'09 CV 0852 DMS JMA

**FILED**

**APR 23 2009**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: LVNV    DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                           and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  4/22/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 70    AMOUNT $350    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

MB 04/23/09

**ORIGINAL**



```
Court Name: USDC California S
outhern
Division: 3
Receipt Number: CAS000070
Cashier ID: mbain
Transaction Date: 04/23/2009
Payer Name: HYDE AND SWIGART
--------------------------------
----
CIVIL FILING FEE
  For: RUBEN VS LVNV FUNDING L
LC
  Case/Party: D-CAS-3-09-CV-00
0852-001
  Amount:        $350.00
--------------------------------
----
CHECK
  Check/Money Order Num: 3034
  Amt Tendered:  $350.00
--------------------------------
----
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00


There will be a fee of $45.00

charged for any returned chec
k.
```