Birgit Dachtera Stuart (SBN 154621)
THE LAW OFFICES OF RONALD S. CANTER, LLC
11300 Rockville Pike, Suite 1200
Rockville, MD  20852
Telephone: (301) 770-7490
Facsimile:(301) 770-7493
E-Mail:  bstuart@roncanterllc.com

Attorney for Defendants
Mann Bracken, L.L.P., erroneously
sued herein as Mann Bracken, L.L.C.,
and LVNV Funding, L.L.C.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA RUBEN<br><br>            Plaintiff<br><br>v.<br><br>LVNV FUNDING, L.L.C.<br>AND MANN BRACKEN, L.L.P.<br><br>            Defendants | Case No.:  09-CV-0852-DMS-JMA<br><br>**DEFENDANT LVNV FUNDING, L.L.C.'S ANSWER TO COMPLAINT** |

   Defendant LVNV Funding, L.L.C. ("Defendant"), hereby responds to Plaintiff Patricia Ruben's ("Plaintiff") Complaint for Damages as filed in the United States District Court of the Southern District of California, Case No. 09-CV-0852-DMS-JMA ("Complaint")

by and through the undersigned counsel, as follows:

1. Paragraph 1 is not directed at Defendant, and thus, does not require a denial or admission. To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

2. Paragraph 2 is not directed at Defendant, and thus, does not require a denial or admission. To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

3. In answer to the allegations in Paragraph 3 of the Complaint, Defendant denies that it unlawfully and/or abusively attempted to collect a debt allegedly owed by Plaintiff, and further denies that its conduct caused Plaintiff damages.

4. In answer to the allegations in Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

5. In answer to the allegations in Paragraph 5 of the Complaint, Defendant denies that it violated any state or federal statutes as alleged by Plaintiff and denies that it did not maintain procedures reasonably adapted to avoid violations of those statutes.

6. The allegations in Paragraph 6 of the Complaint relate to jurisdiction and do not require the filing a response either admitting or denying the allegations.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

2

RUBEN V. LVNV FUNDING, L.L.C., ET AL. (CASE NO. 09-CV-0852-DMS-JMA)
DEFENDANT LVNV FUNDING, L.L.C.'S ANSWER TO COMPLAINT

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 of the Complaint relate to venue and do not require the filing of a response either admitting or denying the allegations.

10. In answer to the allegations in Paragraph 10 of the Complaint, Defendant admits, on information and belief, that Plaintiff is a natural person who resides in the City of Cabazon, County of Riverside, State of California.

11. In answer to the allegations in Paragraph 11 of the Complaint, Defendant denies that it is located in the City of Charleston, County of Charleston, State of South Carolina, and avers that it is located in the City of Las Vegas, State of Nevada. Defendant makes no response to the remaining allegations in Paragraph 11, as they do not pertain to it.

12. In answer to the allegations in Paragraph 12 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether the obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3), and on that basis denies the allegation.

13. In answer to the allegations in Paragraph 13 of the Complaint, Defendant admits that it has, at times, acted as a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

14. In answer to the allegations in Paragraph 14 of the Complaint, Defendant admits on information and belief that Plaintiff is a natural person. As to the remaining allegations of Paragraph 14 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether the obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by California Civil Code §1788.2(h), and on that basis denies the allegations.

15. In answer to the allegations in Paragraph 15 of the Complaint, Defendant admits that it has, at times, acted as a "debt collector" as defined by the Rosenthal Act, California Civil Code §1788.2(c). Defendant further admits that it has, at times, in the ordinary course of business, on behalf of itself, or others engaged in "debt collection" as that term is defined by California Civil Code §1788.2(b).

16. In answer to the allegations in Paragraph 16 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether the obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether this action arises out of "consumer debt" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f), and on that basis denies the allegations.

17. In answer to the allegations in Paragraph 17 of the Complaint, Defendant

admits, on information and belief, that Plaintiff is an individual residing in the State of California.

18. In answer to the allegations in Paragraph 18 of the Complaint, Defendant admits that it conducted business in California at all relevant times.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. In answer to the allegations in Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies those allegations.

21. In answer to the allegations in Paragraph 21 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether the obligation at issue was incurred for primarily for personal, family, or household purposes, and therefore can neither admit nor deny that these obligations are a "debt" as that term is defined by California Civil Code §1788.2(d), or a "consumer debt" as that term is defined by California Civil Code §1788.2(f), and on that basis denies said allegations.

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant admits the allegations in Paragraph 23 of the Complaint.

24. Defendant admits the allegations in Paragraph 24 of the Complaint.

25. In answer to the allegations in Paragraph 25 of the Complaint, Defendant admits that the lawsuit was a "communication" as that term is defined by 15

U.S.C. § 1692a(2), but in further answer, denies that the lawsuit was "the initial communication" as that term is defined in 15 U.S.C. § 1692g(a).

26. In answer to the allegations in Paragraph 26 of the Complaint, Defendant admits the lawsuit was a "debt collection" as that term is defined by Cal. Civil Code §1788.2(b), but in further answer, denies that the lawsuit was an "initial communication" as that term is used in Cal. Civil Code §1812.700(b).

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. In answer to the allegations in Paragraph 28 of the Complaint, Defendant is without sufficient knowledge to form a belief as to whether Plaintiff's counsel received notices of the hearings and on that basis denies those allegations. In further answer to the allegations in Paragraph 28 of the Complaint, Defendant admits Plaintiff's counsel did not participate in the listed hearings.

29. Defendant admits the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. In answer to the allegations in Paragraph 33 of the Complaint, Defendant incorporates by reference its answers to the preceding Paragraphs 1 through 32.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. In answer to the allegations in Paragraph 36 of the Complaint, Defendant incorporates by reference its answers to the preceding Paragraphs 1 through 35.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

## AFFIRMATIVE DEFENSES

As for the affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (BONA FIDE ERROR)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE
### (ROOKER-FELDMAN)

The relief Plaintiff seeks in this action would require this Court to review and reject the judgment issued by the California Superior Court, County of

Riverside in Action No. BAC-010307, and is therefore barred by the Rooker-Feldman Doctrine.

## FOURTH AFFIRMATIVE DEFENSE
(UNCLEAN HANDS)

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
(NO WILLFUL CONDUCT)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
(FAILURE TO MITIGATE)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have, and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
(LITIGATION PRIVILEGE)

The actions of Defendant complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's state law claims are therefore barred, in whole or in part, by the litigation privilege.

EIGHT AFFIRMATIVE DEFENSE
(RES JUDICATA AND/OR COLLATERAL ESTOPPEL)

The relief Plaintiff seeks in this action is barred by the doctrine of res judicata and/or collateral estoppel.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recovers from Plaintiff its costs according to proof.

3. That Defendant recovers from Plaintiff its attorney's fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED:  June 11, 2009         LAW OFFICES OF RONALD S. CANTER, LLC

 /s/ Birgit Dachtera Stuart
Birgit Dachtera Stuart (154621)
11300 Rockville Pike, Suite 1200
Rockville, MD  20852
Telephone (301) 770-74920
Facsimile (301) 770-7493
E-Mail:  bstuart@roncanterllc.com
Attorneys for Defendants MannBracken, L.L.P., erroneously sued herein as Mann Bracken, L.L.C., and LVNV Funding, L.L.C.

RUBEN V. LVNV FUNDING, L.L.C., ET AL. (CASE NO. 09-CV-0852-DMS-JMA)
DEFENDANT LVNV FUNDING, L.L.C.'S ANSWER TO COMPLAINT